### JEANNE R. TROMMER v. FELIX T. TROMMER

SUPERIOR COURT     NEW LONDON COUNTY     FILE No. 18342

Memorandum filed May 1, 1951.

*Abraham A. Lubchansky* and *Aaron E. Elfenbein,* of New London, for the Plaintiff.

*Allyn L. Brown, Jr.,* and *William J. Barrett,* of Norwich, for the Defendant.

QUINLAN, J. . The defendant's motion for contempt has been adjudicated. The other motions are (1) plaintiff's for modification of order of support and custody; (2) defendant's for more particular statement; (3) defendant's answer, so-called, to plaintiff's motion for modification in No. 1 above, and for modification. No. 2 is denied, in view of the disposition herein made of No. 1.

These parties are sophomoric in their approach to the sole disturbing question, viz.: the child's welfare. They are well on the way to bring about a condition of great emotional disturbance in

the child. All children are sensitive, and the parties long ago passed the stage where love and affection could be developed in the child, by a pursuit of their selfish interests.

The mother has been recognized in two proceedings by at least two different judges of this court as a proper custodian. This does not mean that within reasonable bounds the rights of the defendant father would not be respected. After all, he is the natural father.

The present proceedings considered solely from the plaintiff's viewpoint may bring comfort and solace to her. Is the removal from the defendant father calculated to foster the continuing love, affection, direction and oversight which he can give? It does not seem so to me.

A military center, when other places are available where both parents can see the child, is not the place. It will dislocate schooling. It will separate the boy from his friends, a point the plaintiff makes much ado about when the boy visits the defendant. The boy is asthmatic. There is nothing in the evidence to indicate the climate of Hainesville conforms to the requirements outlined by Dr. Moore. Then there is the probability of a move from Georgia. This plaintiff has not to date indicated such respect for an order of court as to give assurance the move would not be undertaken without further court order.

We are in an international emergency, at least, and under all the circumstances the plaintiff should adapt her life to the welfare of her son and forego the companionship of her present spouse till the emergency is over. Her present husband will probably have furloughs. Moreover, she can visit her husband, leaving the boy in the defendant's custody as a visitation.

I cannot see further complicating the child's life by the introduction of another third-person mother as a permanent custodian.

I see no compelling reason in the evidence for increasing the support for the boy at this time. At the time of higher educational needs, the picture may change. The boy should not be injured by luxury, and if the payments did not find their way to his support alone, it would simply mean the defendant was being penalized as he progressed in his profession, not for the boy's care, but as an indirect sort of alimony.

It follows then that motions No. 1 and 3 are also denied, and the present status of custody and visitation shall continue.